798 P.2d 1381

**BEST PAVING, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**DECKER CONSTRUCTION COMPANY, INC., an Arizona corporation; Aetna Casualty and Surety Company, a corporation; Lakeside Sportsclub, Ltd., an Arizona limited partnership, Defendants/Appellees.**

**BEST PAVING, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**TASHMAN BUILDING CO., INC.; Aetna Casualty and Surety Company, a corporation, Defendants/Appellees.**

Nos. 2 CA–CV 89–0209,
2 CA–CV 90–0007.

Court of Appeals of Arizona,
Division 2, Department B.

May 24, 1990.

Petition and Cross–Petition for Review Denied Oct. 23, 1990.

Norman R. Freeman II, P.C. by Norman R. Freeman II, Tucson, for plaintiff/appellant.

Bury, Moeller, Humphrey & O'Meara by Marshall Humphrey III, Tucson, for defendants/appellees.

OPINION

LACAGNINA, Judge.

Best Paving, Inc., a subcontractor on a commercial contract, appeals from summary judgment in favor of two construction companies on its claims against their surety for nonpayment. Best argues that the provisions of A.R.S. § 32–1152(E) allow Best to make a claim against the license bonds issued to the construction companies in this case. We affirm.

For purposes of summary judgment, the following facts are undisputed. Best contracted with both companies for labor and materials on paving jobs which were completed, and for which Best was never paid.

During the performance of the contracts, the companies were both bonded under a commercial license bond issued by Aetna Casualty and Surety. The terms of the bonds are identical in both cases.

This case is governed by § 32–1152(E), and Aetna's obligation on the bonds is measured by its provisions. *Brown Wholesale Elec. v. Merchants Mut. Bonding Co.*, 148 Ariz. 90, 713 P.2d 291 (App.1984). The relevant provision states:

> The bond or deposit required by subsection B, paragraphs 1 through 4 of this section is for the benefit of and *subject to claims by a licensee* under this chapter or a lessee, owner or co-owner of nonresidential real property including, but not limited to, a tenant in common or joint tenant, or their successors in interest, *who has a direct contract with the licensee against whose bond or deposit the claim is made and who is damaged by the failure of the licensee to build or improve* a structure or appurtenance on that real property at the time the work was performed *in a manner not in compliance with the requirements of any building or construction code applicable to the construction work* under the laws of this state or any political subdivision, or if no such code was applicable, in accordance with the standards of construction work approved by the registrar.

(Emphasis added.)

Best argues the statutory language dealing with faulty workmanship relates only to the right of an owner or lessee of non-residential property to recover against the bond. Aetna argues the language is unambiguous and coupled with the legislative history and intent, indicates that a claim for nonpayment cannot be made against this type of bond.

We agree with Aetna that the language is unambiguous. Since 1981 the legislature has distinguished residential from nonresidential contractors: those materialmen dealing with residential contractors have been afforded greater protection under this statutory scheme. From 1981 to 1986 only residential contractors were licensed and regulated under the statute. *See Brown Wholesale Elec. v. H.S. Lastar Co.*, 152 Ariz. 90, 730 P.2d 267 (App.1986); *Brown Wholesale Elec. v. Merchants Mut. Bonding Co., supra.* However, even in 1987, when commercial contractors were again required to post license bonds, the language in § 32–1152(E) was amended to limit claims under a general commercial contractor's bond. In the sentence following this limitation, the legislature, at the same time it amended the provision at issue in this appeal, reaffirmed materialmen's rights to assert claims for nonpayment against residential contractors' license bonds. Because the earlier provision must be read and construed in context with the related provisions and in light of its place in the statutory scheme, *Brown Wholesale Elec. v. Merchants Mut. Bonding Co., supra,* we can infer that the legislature intended to exclude as claimants against this type of bond those subcontractors who are filing claims for nonpayment against a commercial contractor's license bond. At all times the legislature has distinguished between the two categories of claimants against a license bond issued under the statute; the trial court's interpretation is consistent with that legislative intent.

Affirmed. Aetna's request for attorneys' fees on appeal is denied.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.